IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **OPIO MOORE,** ) | **CASE NO. 7:20CV00551** |
| ) | |
| **Petitioner,** ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **WARDEN STREEVAL,** ) | By: Hon. Michael F. Urbanski |
| ) | Chief United States District Judge |
| **Respondent.** ) | |

Opio Moore, a federal inmate, filed this action, pro se, as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Moore asserts that under Rehaif v. United States, __ U.S. __, 139 S. Ct. 2191 (2019), he is actually innocent of the crime for which he was convicted and sentenced. See United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318 (2019) (allowing § 2241 challenge to federal sentence as imposed); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (allowing § 2241 challenge to federal conviction). Upon review of the record, the court concludes that it lacks jurisdiction over the petition.

I.

Moore is currently confined at the United States Penitentiary Lee County, located in this judicial district. Moore was found guilty of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) and conspiracy to commit said offense in violation of 18 U.S.C. § 371 after a four day trial in the United States District Court for the District of Maryland. He was sentenced to life in prison on the § 922(g) charge. Moore appealed to the Fourth Circuit, which upheld the conviction and sentence. United States v. Opio Moore, 484 Fed. App'x 758 (4th Cir. 2012). Moore's certiorari petition to the United States Supreme Court was denied. Opio Moore v. United States, 133 S. Ct. 676 (2102). Moore filed a habeas petition under 28 U.S.C. § 2255, which was denied by the Maryland district court. The Fourth Circuit denied a certificate of appealability,

and the Supreme Court again denied certiorari. On March 18, 2020, the Maryland district court denied Moore's motion to be resentenced under the First Step Act and for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

In response to Moore's current petition under § 2241 in this district, respondent argues that the Rehaif claim fails both because Moore procedurally defaulted the claim and because the claim does not involve a fundamental defect in the underlying conviction. (ECF No. 13)  Moore has filed a reply in opposition to respondent's contentions. (ECF No. 14)  Thus, the matter has been fully briefed.

II.

A federal prisoner bringing a claim for relief from an allegedly illegal conviction or sentence must normally do so in a § 2255 motion in the sentencing court. Section 2255(e) provides that a § 2241 habeas petition raising such a claim "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy inadequate or ineffective. In re Jones, 226 F.3d at 332; see also Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.").[1]

---

[1] The court has omitted internal quotation marks, alterations, and/or citations here and throughout this opinion, unless otherwise noted

Several circuit courts of appeals, including the Fourth Circuit, have held that the last phrase in § 2255(e), known as the savings clause, is jurisdictional. Wheeler, 886 F.3d at 424-25 (citing Williams v. Warden, 713 F.3d 1332 (11th Cir. 2013)). In other words, the savings clause "commands the district court not to entertain a § 2241 petition that raises a claim ordinarily cognizable in the petitioner's first § 2255 motion except in exceptional circumstances." Id. at 425. In this circuit, the remedy in § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 328 F.3d at 333-34. Under Wheeler, a petitioner may utilize the savings clause to challenge a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

886 F.3d at 429. Thus, unless Moore demonstrates that he can satisfy the Jones or Wheeler test so that the savings clause applies to permit a Rehaif challenge to his conviction or sentence, respectively, in a § 2241 petition, this court has no "power to act" on his § 2241 claim. Wheeler, 886 F.3d at 425; see also Rice v. Rivera, 617 F.3d 802, 810 (4th Cir. 2010) ("Jurisdictional restrictions provide absolute limits on a court's power to hear and dispose of a case, and such limits can never be waived or forfeited.").

Moore argues that in the wake of the Supreme Court's decision in Rehaif he is actually innocent of his conviction and sentence under 18 U.S.C. § 922(g). Section 922(g) provides that "it shall be unlawful for certain individuals to possess firearms. The provision lists nine categories of individuals subject to the prohibition, including felons . . . . A separate provision, § 924(a)(2), adds that anyone who *knowingly* violates the first provision shall be fined or imprisoned for up to 10 years." Rehaif, 139 S. Ct. at 2194; see also 18 U.S.C. § 922(g). In Rehaif, the Supreme Court held that "the word knowingly applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." Rehaif, 139 S. Ct. at 2194. At his trial, Moore stipulated that he had been convicted of a crime punishable by imprisonment for a term exceeding one year. Now, however, Moore claims now that he was not aware of the element recognized in Rehaif requiring the government prove that Moore knew of his prohibited status at the time he possessed the ammunition. As such, Moore claims that his lawyer did not apprise him of the knowledge of prohibited status element recognized in Rehaif, the trial court failed to instruct the jury as to this element, and the government did not prove that Moore knew he was a person prohibited from possessing ammunition. As such, Moore claims that he is actually innocent.

As noted above, the court may not entertain Moore's § 2241 petition unless he can satisfy the conditions set forth in Jones or Wheeler. See Asar v. Travis, No. 6:20-cv-00394, 2020 WL 1099391, at *5 (D.S.C. Feb. 10, 2020) ("Asar I") ("To trigger the savings clause of § 2255(e) and proceed under § 2241, the petitioner must meet the savings clause test as contemplated in United States v. Wheeler or In re Jones."), adopted by 2020 WL 3843638 (D.S.C. July 8, 2020) ("Asar II"). "If any one of the requirements is not met, the court is deprived of jurisdiction and may not

4

entertain the petition to begin with." Ledezma-Rodriguez v. Brecken, No. 7:18-cv-00268, 2019 WL 4644556, at *2 (W.D. Va. Sept. 24, 2019) (quoting Wheeler, 886 F.3d at 425).

It is clear that Moore meets the first and third requirements of the Jones and Wheeler tests. First, settled law of the circuit or Supreme Court at the time of Moore's sentencing established the legality of his conviction and sentence. See Jones, 328 F.3d at 333-34; see also Wheeler, 886 F.3d at 429. The Fourth Circuit has noted that Rehaif abrogated prior circuit precedent. United States v. Lockhart, 947 F.3d 187, 196 (4th Cir. 2020) (citing United States v. Langley, 62 F.3d 602 (4th Cir. 1995)). Thus, the first requirement has been met. Moore also satisfies the third condition, because Rehaif was a decision of statutory interpretation, not constitutional law. See In re Wright, 942 F.3d 1063, 1064-65 (11th Cir. 2019) (per curiam) ("Rehaif v. United States did not announce a new rule of constitutional law but rather clarified the requirements for prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2).") (citing In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019) (per curiam)).[2]

Moore, however, cannot satisfy the second prerequisite under Jones or Wheeler. Since Rehaif, several courts within the Fourth Circuit have held that Rehaif did not change substantive law because the conduct for which the petitioner was convicted is still illegal. See, e.g., Asar II, 2020 WL 3843638, at *2 ("being a felon in possession of a firearm remains a valid criminal offense"); Erby v. Breckon, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (citing cases); Hoffman v. Breckon, No. 7:18-cv-00265, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020) (same); Swindle v. Hudgins, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D. W.

---

[2] Moore raises several constitutional clams that are based on Rehaif, including that his attorney violated the Sixth Amendment by not advising him of the knowledge of status element; the indictment failed to apprise him of the charges in violation of the Fifth and Sixth Amendments; and the court failed to instruct the jury as to the knowledge of status element. Such non-statutory claims are not cognizable under § 2241.

5

Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of Jones."); Taylor v. Huggins, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D. W. Va. Nov. 5, 2019) ("Even if Petitioner satisfied the first and third elements of Jones, the crime for which he was convicted remains a criminal offense, and therefore, he cannot satisfy the second element of Jones."), adopted by 2019 WL 6467823 (N.D. W. Va. Dec. 2, 2019); Moss v. Dobbs, No. 8:19-cv-02280, 2019 WL 7284989, at *9 (D.S.C. Sept. 23, 2019) ("[T]he savings clause test in Jones requires that subsequent to a prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal. Here, no such change occurred."), adopted by 2019 WL 5616884 (D.S.C. Oct. 31, 2019).

      Further, to the extent Moore challenges his sentence under Wheeler, the Supreme Court did not indicate that Rehaif was retroactively applicable to cases on collateral review. Erby, 2020 WL 1443154, at *7; see also Hoffman, 2020 WL 929589, at *9 (citing cases); Asar I, 2020 WL 1099391, at *6 ("[T]o date, Rehaif has not been held to be retroactive on collateral review. Therefore, the petitioner cannot meet the second prong of Wheeler, because he has not shown that subsequent to his first § 2255 motion . . . there was a change in the substantive law of the sentencing court that was deemed to apply retroactively on collateral review."); Williams v. United States, 3:17-cr-00241, 2019 WL 6499577, at *2 (W.D.N.C. Dec. 3, 2019) ("[T]he Supreme Court did not make Rehaif retroactive to cases on collateral review."); Waters v. United States, No. 4:15-cr-158, 2019 WL 3495998, at *5 (D.S.C. Aug. 1, 2019) (denying motion to appoint counsel to present a Rehaif claim in part because "there is no indication that the Supreme Court has made the holding in Rehaif retroactively applicable to invalidate an otherwise final conviction under § 922(g)"); accord Wright, 942 F.3d at 1065 (noting, in context of application to file second/successive § 2255

motion, that "the Supreme Court did not make Rehaif retroactive to cases on collateral review"); Palacios, 931 F.3d at 1315 (same).³

Therefore, because Moore cannot satisfy all the Jones or Wheeler conditions to challenge his conviction and sentence by way of the savings clause, the court lacks jurisdiction over his Rehaif claim. See Swindle, 2020 WL 469660, at *3 ("Consequently, because petitioner attacks the validity of his conviction and fails to establish that he meets the Jones requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241.  Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction.") (citing Rice, 617 F.3d at 807); see also Erby, 2020 WL 1443154, at *7 (noting, in context of motion to amend, that because petitioner could not satisfy all of Wheeler's conditions, "the court would be required to dismiss a Rehaif claim for lack of jurisdiction"); Hoffman, 2020 WL 929589, at *10 (same).⁴

Accordingly, this court is constrained to conclude that Moore cannot proceed with his Rehaif claim under § 2241 because the court lacks jurisdiction over the claim.  Therefore, the court dismisses the petition without prejudice.  An appropriate order will enter herewith.  The clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record.

**ENTER**: This 20th day of September, 2021.

Michael F. Urbanski
Chief U.S. District Judge
2021.09.20 10:56:24
-04'00'

Michael F. Urbanski
Chief United States District Judge

---

³ The court does not reach Wheeler's fourth requirement, that the sentence "now presents an error sufficiently grave to be deemed a fundamental defect." Wheeler, 886 F.3d at 429; see also Ledezma-Rodriguez, 2019 WL 4644556, at *2 (noting that "[i]f any one of the requirements is not met, the court is deprived of jurisdiction and may not entertain the petition . . .").

⁴ Because the court has determined that it lacks jurisdiction over the petition, it does not address respondent's procedural default argument.